UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**ROBERT EARL BROWN, # 139133**                                                                     **PLAINTIFF**

VERSUS                                                          CIVIL ACTION NO. 3:14cv540-DPJ-FKB

**NURSE OLLIE LITTLE, DR. EDWARDS,
NURSE TRAILER, and SCOTT
MARQUARDT**                                                                                      **DEFENDANTS**

## ORDER DENYING REFUND

Before the Court is *pro se* Plaintiff Robert Earl Brown's letter [12], which the Court construes as a motion for refund. On August 11, 2014, the Court granted Brown permission to proceed *in forma pauperis* and entered an Order Setting Payment Schedule [7]. On August 26, Brown filed a voluntary dismissal.

To date, Brown has paid $30.24 toward the filing fee. The instant motion asks the Court to refund the partial filing fee already paid and to rescind the Order assessing the filing fee. The Court has considered Plaintiff's submissions and the relevant legal authority. The motion [12] is denied.

I.     Discussion

Brown alleges that he should not have to pay any more of the filing fee and requests a refund of monies paid to date. He does not invoke a specific rule or statute, but he relies on the fact that he voluntarily dismissed his case.

    A.     *In Forma Pauperis* Status

"Filing fees are part of the costs of litigation." *Lucien v. De Tella*, 141 F.3d 773, 775 (7th Cir. 1998). "The clerk of each district court *shall* require the parties instituting any civil action . . .

. in such court . . . to pay a filing fee of $350 . . . ." 28 U.S.C. § 1914(a) (emphasis added). When a complaint is accompanied by a motion for leave to proceed *in forma pauperis*, the civil action "is not deemed 'filed' for the purposes of the [Prison Litigation Reform Act] fee provision until the motion has been acted on by the court." *Strickland v. Rankin Cnty. Corr. Facility*, 105 F.3d 972, 975 (5th Cir. 1997). If a prisoner is granted pauper status, he is permitted to pay the full filing fee in installments. 28 U.S.C. § 1915(b) (noting "if a prisoner brings a civil action . . . *in forma pauperis*, the prisoner shall be required to pay the full amount of the filing fee").

In the instant case, Brown presented the Court with a complaint and a motion for leave to proceed *in forma pauperis*. According to *Strickland*, when the Court granted Brown leave to proceed *in forma pauperis* on August 11, 2014, the civil action commenced. 105 F.3d at 975. At this point Brown incurred a debt of $350 to the Court. And the Order Setting Payment Schedule [7] allowed Brown to pay this debt in installments, per § 1915(b).

B.   Voluntary Dismissal

Fifteen days after the Court granted Thomas *in forma pauperis status*, he voluntarily dismissed his case. But this dismissal did not change the fact that Brown had commenced a civil action in this Court and did not relieve Brown of the obligation to pay the filing fee. Nothing in §§ 1914 or 1915 gives the Court the authority to either reimburse the partial filing fee already paid or to waive collection of the remainder. *See Orozco v. Khoshdel*, 290 F. App'x 648, 649 (5th Cir. July 30, 2008) (dismissal of appeal for lack of jurisdiction did not entitle ifp prisoner to refund of filing fee). As the Second Circuit has noted, "fee-paying litigants have no opportunity to obtain a refund of their filing fees . . . and nothing in the PLRA suggests that Congress, after

making prisoners liable for filing fees, wanted to give them a refund opportunity not available to others." *Goins v. DeCaro*, 241 F.3d 260, 261 (2d Cir. 2001).

II.     Conclusion

Brown is neither entitled to a refund of his partial filing fee nor a rescission of the Order Setting Payment Schedule.  The motion is therefore denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that *pro se* Plaintiff Robert Earl Brown's letter [12], which the Court construes as a motion for refund, is **DENIED.**

**SO ORDERED AND ADJUDGED** this the 21st day of October, 2014.

                                       s/ *Daniel P. Jordan III*
                                       UNITED STATES DISTRICT JUDGE